IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ISRAEL LUYANDA RODRIGUEZ,** <br><br> **Defendant.** | **CRIMINAL NO. 03-338 (CCC)** |

# REPORT

On August 15, 2006, Orlando Rullán, United States Probation Officer, filed a Motion Notifying Violations of Supervised Release Term and Request for an Issuance of an Arrest Warrant. (Docket No. 27). Upon the defendant's arrest, on March 22, 2007, defendant appeared before this Magistrate Judge for the preliminary revocation hearing.

The violations of conditions of supervised release are as follows:

1. "The defendant shall report to the Probation Office and shall submit a truthful and complete written report within the first five days of each month."

The defendant has failed to submit his monthly supervision report and has failed to report to the U.S. Probation Office since instructed on April 20, 2006. Since that day, the offender has failed to report to the office on five different occasions.

2. Violation of Supervised Release Condition No. 5 - "The defendant shall work regularly at a lawful occupation, unless excused by the Probation Officer for schooling, training, or other acceptable reasons."

United States v. Israel Luyanda Rodríguez
Criminal No. 03-338 (CCC)
Report
Page No. 2

The defendant has failed to maintain stable employment. In addition, he has not provided evidence reflecting that he is enrolled in a school or searching for a suitable employment.

3.  Violation of Supervised Release Condition No. 3 - "The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer."

The defendant has failed to report to the Probation Officer as instructed on April 20, 2006. Attempts made to reach the offender in his residence and around the community were made, but his whereabouts were unknown.

At the preliminary hearing before this Magistrate Judge, the offender, assisted by counsel, admitted to the above stated violations. He reserved the right to argue at the full revocation hearing.  As such, probable cause was found that defendant violated the conditions of his supervised release above indicated. Thus, the matter is to be submitted to the sentencing court for a full revocation hearing.

Regarding detention without bail, defendant is not entitled, at this juncture, for consideration of release under the Bail Reform Act of 1984, 18 U.S.C. §3143, since none of the factors for release of a defendant pending sentence or appeal, after having been convicted, are present in the instant case. Rule 46 (d) and Rule 32.1 of the Fed. R. Crim. P. Thus, defendant is to be detained, without bail, until further order from the court.

<u>United States v. Israel Luyanda Rodríguez</u>
Criminal No. 03-338 (CCC)
Report
Page No. 3

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 22nd day of March of 2007.

                                      s/ CAMILLE L. VELEZ-RIVE
                                      CAMILLE L. VELEZ-RIVE
                                      UNITED STATES MAGISTRATE JUDGE